UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| ROSE CUMMINGS, | ) | |
| on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:08-cv-00417-GKS-KRS |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I.      INTRODUCTION

In the words of Clare Boothe Luce, "No good deed goes unpunished."  This Court will find no truer words were spoken than in this lawsuit, as Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") finds itself a defendant in this putative class action because it initiated litigation to protect its insureds' personal injury protection ("PIP") and medical payments ("Med-Pay") benefits from medical providers who have engaged in fraudulent treatment and billing.  The rampant PIP fraud in Florida has been detailed in the Statewide Grand Jury Report.  *See* Statewide Grand Jury, *Second Interim Report of the Fifteenth Statewide Grand Jury* (2000), http://myfloridalegal.com/pages.nsf/4492d797dc0bd92f85256cb80055f697/9ab24330530

{O1273610;1}

3a0e085256cca00568e2e!OpenDocument.[1]   Describing the widespread illegalities, the

report states, "a number of greedy and unscrupulous legal and medical professionals have

turned that $10,000 coverage into their personal slush fund. . . . The result is loss of

coverage and marginal medical treatment for those who are injured, as well as higher

insurance rates for all drivers."  *See* Statewide Grand Jury Report at p. 1.  State Farm's

litigation efforts on behalf of Plaintiff Rose Cummings and other insureds are to protect

insureds' PIP and Med-Pay benefits from unscrupulous medical providers, yet State Farm

finds itself being sued on behalf of those very insureds it seeks to protect.

Not only is this class action lawsuit unwarranted punishment for a good deed, it is

without legal or factual basis.  Plaintiff Rose Cummings (hereinafter, "Plaintiff") has

never been deprived of any PIP benefits and Med-Pay benefits under her insurance

policy[2] and has not paid one cent out of her own pocket for any care and treatment that

would have otherwise been covered by her policy.  Plaintiff and State Farm were both the

victims of fraud.  The medical providers who treated Plaintiff and submitted fraudulent

bills to State Farm have engaged in unlawful and illegal conduct, and it is ***their actions***

that are the proximate cause of any alleged injury about which Plaintiff now complains.

Moreover, contrary to Plaintiff's assertions, State Farm did not make any

unlawful, improper, or erroneous payments.  Rather, State Farm has done nothing but

comply fully with all applicable laws and statutes by (1) timely paying PIP claims under

---

[1]      *See* Statewide Grand Jury Report, attached hereto as Exhibit A. This Court may properly consider
this published report of the Statewide Grand Jury in connection with State Farm's Motion to dismiss.  *See
Trustmark Ins. Co. v. ESLU Inc.*, 153 F. Supp. 2d 1322, 1325 n.1 (M.D. Fla. 2001) ("[T]he Court may look
beyond the pleadings to consider matters of public record in ruling on a motion to dismiss.").
[2]      It should be noted that Plaintiff is not entitled to further payments under Coverage C of her policy
because medical payments coverage is payable only for services furnished within 3 years of the date of the
accident.  Accordingly, that coverage expired June 23, 2006.

Fla. Stat. Ann. § 627.736, (2) maintaining an anti-fraud unit and investigating potential

fraudulent claims under Fla. Stat. Ann. § 626.9891, and (3) protecting its insureds and

their insurance benefits by not paying benefits procured through insurance fraud pursuant

to Fla. Stat. Ann. § 627.736(4)(h) and pursuing civil actions against persons committing

insurance fraud pursuant to Fla. Stat. Ann. § 627.736(12).  State Farm's investigation and

prosecution of fraudulent claims has resulted in Plaintiff's (and other State Farm

insureds') benefits being preserved because fraudulent charges submitted for payment

were voided or waived.  As such, its actions cannot form the basis of any of Plaintiff's

asserted claims.

## II.      SUMMARY OF ARGUMENT

Plaintiff's claims lack merit and should be dismissed with prejudice.  As a

threshold matter, Plaintiff lacks standing to bring any of the claims in her Complaint.

Specifically, Plaintiff has not submitted a pre-suit demand letter as required by the

Florida No Fault law.  This failure, alone, requires dismissal of Plaintiff's entire suit and

requires dismissal of any class allegations.  Additionally, Plaintiff lacks standing to bring

any claim because she has not suffered any injury-in-fact.

Plaintiff's Complaint should also be dismissed because each count in the

Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

*First*, Plaintiff's breach of contract claim fails because Plaintiff has not identified

any specific contractual term breached by State Farm.  Moreover, Plaintiff has not

suffered any damages as a result of any alleged breach of contract.

**Second**, Plaintiff's declaratory judgment count fails because the relief Plaintiff seeks is not appropriate declaratory judgment relief.  For example, Plaintiff seeks an impermissible advisory opinion where no actual, justiciable controversy exists.

**Third**, Plaintiff's breach of fiduciary duty claim fails because there is no fiduciary relationship between Plaintiff and State Farm in the context of her first-party claim for benefits.  Moreover, Plaintiff's breach of fiduciary duty claim is barred by the economic loss rule.

**Fourth**, Plaintiff's constructive trust claim fails because there is no fiduciary relationship between Plaintiff and State Farm, and Plaintiff has not alleged that she transferred any property to State Farm.

**Fifth**, Plaintiff's claim for declaratory relief for anticipatory repudiation fails because Plaintiff has not suffered any damages as the result of any alleged breach of contract.

Accordingly, State Farm respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   <u>Standard of Review</u>

Plaintiff's claim cannot survive scrutiny under the standard set forth in the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007).  In *Twombly*, the United States Supreme Court explained that "a formulaic recitation of the elements of a cause of action will not do" and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  To that end, a plaintiff

bears the burden to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* Although the Complaint need not contain "detailed factual allegations," it must nevertheless "'give the defendant fair notice of what the claim is . . . and the grounds upon which it rests.'" *Id at* 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As shown below, Plaintiff's Complaint should be dismissed because it fails to sufficiently allege any viable cause of action.

**B.   Plaintiff's Entire Complaint Should Be Dismissed Because She Lacks Standing to Assert Any of the Claims in the Complaint.**

*1.   Plaintiff Has Not Complied With The Condition Precedent To Filing A Lawsuit Against State Farm To Recover PIP Benefits.*

Before bringing an action against an insurer for PIP benefits, a plaintiff is required to provide "written notice of an intent to initiate litigation."[3] Fla. Stat. Ann. § 627.736(10)(a). The required notice must specifically state that it is a "demand letter under section 627.736(10)," and shall include: (1) the name of the insured upon which benefits are sought; (2) the claim number or policy number; (3) the name of the medical provider who rendered the treatment or services; (4) an itemized statement specifying each exact amount, the date of treatment, and the type of benefit claimed; and (5) a proper claim form. Fla. Sta. Ann. § 627.736(10)(b). If the insurer pays the claim plus interest and a 10 percent penalty within 15 days of receiving notice, **the insured is precluded from filing a civil action.** Fla. Sta. Ann. § 627.736(10)(c). The purpose of the pre-suit demand letter requirement is not only to encourage settlement, but also to

---

[3] The insurance agreement between Plaintiff and State Farm also requires Plaintiff to provide "written notice of intent to initiate litigation" before filing litigation against State Farm for nonpayment of policy benefits. *See* 6910 Amendatory Endorsement to Policy at 6.

prevent fraud.  *See Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F.

Supp. 2d 1283, 1287 (S.D. Fla. 2007).

     This statutory condition precedent is not merely a procedural device that

establishes the time in which an insured may file an action, but it "clearly establishes a

condition precedent to filing suit, and the failure to comply with this condition precedent

eliminates the availability of a remedy."  *Shenandoah*, 526 F. Supp. 2d at 1288.  The

Florida PIP statute's notice requirement is substantive and is applicable in this federal

court.  *Id.*

     As evidenced by a review of the Complaint, Plaintiff here has failed to provide

the requisite pre-suit demand letter under Fla. Stat. Ann. § 627.736(10)(c), and therefore,

Plaintiff cannot seek relief under the statute.  See Declaration of William Talley, attached

hereto as Exhibit B, at ¶ 4.[4]  Accordingly, Plaintiff's Complaint should be dismissed for

Plaintiff's failure to satisfy the condition precedent to bringing suit.  *See Allstate Ins. Co.*

*v. Clohessy*, 32 F. Supp. 2d 1328, 1333 (M.D. Fla. 1998) (dismissing a bad faith claim

where the plaintiffs failed to allege compliance with a similar condition precedent of

filing notice under a different statute).

     **2.**       ***The Shenandoah Decision is Controlling and Mandates***
                ***Dismissal of the Class Allegations in the Complaint***

     The *Shenandoah* case is uncontroverted and clear:  a pre-suit demand letter is a

condition precedent to filing suit and as a matter of law, no notice letter sent on behalf of

the putative class could be legally sufficient.  Just as Plaintiff is required to provide notice

---

[4] The Court can consider documents attached to a motion to dismiss without converting it into a motion for summary judgment if those documents are central to the plaintiff's claims and are undisputed in terms of authenticity.  *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.2 (11th Cir. 2005).

before initiating litigation against State Farm, each putative class member must likewise provide the statutorily required notice.  *See* Fla. Sta. Ann. § 627.736(10).  In *Shenandoah*, the plaintiff filed a class action against a PIP insurer alleging that the insurer breached its insurance contract by improperly capping reimbursement rates.  *Shenandoah*, 526 F. Supp. 2d at 1284.  The defendant insurance company filed a motion to dismiss, arguing that the demand letter sent by the plaintiff was insufficient to satisfy the demand letter requirement for each member of the putative class.  *Id*. at 1286.  The Court granted the insurer's motion to dismiss, holding that allowing a lead plaintiff to submit a demand letter on behalf of a class would effectively "eliminate the carefully crafted and detailed notice requirement set out in the Florida PIP statute."  *Id*. at 1290.

        As explained in *Shenandoah*, the notice requirement is a critical component of the Florida PIP statute to help guard against fraud and abuse and to reduce litigation costs by encouraging parties to settle PIP disputes without resorting to litigation.  *See id.* at 1287.  The notice requirement is designed to give insurers an opportunity to pay legitimate claims before being hauled into court.  *See id.*  Allowing a litigant to bypass this important condition precedent by bringing PIP claims on behalf of a class of insureds would effectively eviscerate the purposes of the specific notice requirements.  Such a result is untenable and at odds with clear legislative intent.  *See S. Comm. On Banking and Ins., Senate Staff Analysis and Economic Impact Statement for CS/SB 32-A*, (Fla. 2003) (*available at* http://www.flsenate.gov/data/committees/senate/bi/PIP_Finalreport.pdf).

Even if Plaintiff attempted to send a notice letter on behalf of the putative class, her class claims should nevertheless be dismissed.  A plaintiff cannot, as a matter of law, send legally sufficient notice as required by Fla. Sta. Ann. § 627.736(10) on behalf of a class.  *Shenendoah*, 526 F. Supp. 2d at 1290 (striking class allegations because notice sent on behalf of a putative class is legally insufficient).  As such, Plaintiff's class claims should be dismissed with prejudice.

> ### 3.    *Plaintiff Lacks Standing Because She Has Not Suffered Any Injury-in-fact.*

Standing is "an irreducible minimum" necessary under Article III's case-or-controversy requirement.  *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).  Article III sets forth the basic standing requirements for a plaintiff seeking to pursue claims in Federal Court.  Under Article III, (i) the plaintiff must have suffered an injury-in-fact which is actual, not hypothetical; (ii) there must be a causal connection between the injury and the conduct complained of; and (iii) it must be likely, not merely speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Assertions about what might happen do not establish an injury that is concrete and particularized.  *Nat'l Alliance for Mentally Ill, St. Johns Inc. v. Bd. of County Comm'rs of St. Johns County*, 376 F.3d 1292, 1294 (11th Cir. 2004).

A review of Plaintiff's Complaint reveals that (i) State Farm has never deprived Plaintiff of PIP or Med-Pay benefits to which she was entitled under her insurance policy; (ii) she has not paid one cent out of her own pocket for any care and treatment she has received from various providers since her June 23, 2003 accident that would have otherwise been covered by her policy; and (iii) she has not suffered any financial injury

caused by State Farm.  She has not made any allegations to the contrary because she cannot.  At best, Plaintiff appears to allege that at some point in the future she could make a claim for medical expenses, and State Farm would not pay benefits.  Such a might-happen-in-the-future-claim does not constitute injury-in-fact.  If an action for prospective relief is not ripe because the factual predicate for the injury has not fully materialized, then it generally will not contain a concrete injury requisite for standing. *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006).  Plaintiff's theory of injury is entirely speculative and hypothetical.

Moreover, there is no causal connection between the so-called injury and the conduct complained of.  To the extent Plaintiff suffered any injury, it was caused by the defrauding medical providers, not State Farm.  Contrary to Plaintiff's (mis)characterizations, State Farm did not make "erroneous," "wrongful," or "improper" payments.  State Farm was defrauded, just as Plaintiff was, by medical providers engaged in insurance fraud.  Fla. Stat. Ann. § 627.736 mandates that PIP claims be paid within 30 days or the claim is considered overdue and the insurance company liable.  In making timely payments to medical providers, State Farm was merely complying with the law and paying what appeared to be at that time facially valid claims.  It was not until the investigation revealed the entire scheme that State Farm realized the claims were fraudulent.  State Farm's claims against medical providers committing fraud are not the cause of Plaintiff losing her benefits.  Rather, it is the fault of the medical providers who "have turned that $10,000 coverage into their personal slush fund."  *See* Grand Jury Report at 1.

Because Plaintiff has not suffered an injury-in-fact which is actual, not hypothetical, there is no causal connection between the injury and the conduct complained of.  Accordingly, the so-called injury cannot be redressed by a decision here because, under *Lujan v. Defenders of Wildlife*, Plaintiff has no standing to assert the allegations in her Complaint.

**C.      Plaintiff's Breach of Contract Claim Should Be Dismissed.**

Under Florida law, a claim for breach of contract requires proof that a valid contract exists, the defendant breached a material term of the agreement, and the plaintiff suffered damages.  *See Merin Hunter Codman, Inc. v. Wackenhut Corr. Corp.*, 941 So. 2d 396, 398 (Fla. 4th DCA 2006).  Plaintiff's breach of contract claim should be dismissed because: (1) Plaintiff has failed to identify any specific contractual obligation that State Farm breached, and (2) Plaintiff has not suffered any damages as the result of any alleged breach.

*1.      Plaintiff Has Not, And Cannot, Identify Any Specific Contractual Term Breached By State Farm.*

To state a claim for breach of contract, Plaintiff must specify which contractual provisions were allegedly breached.  *See Dunkin' Donuts Franchised Rests. LLC v. Colonial Donuts, Inc.*, No. 607CV5730RL18KRS, 2007 WL 1839421, at *2 (M.D. Fla. June 26, 2007) (dismissing breach of contract claim where the complaint failed to identify a specific contractual provision allegedly breached).  Plaintiff does not, however, identify any provisions in the insurance agreement that State Farm allegedly breached.

Plaintiff alleges that State Farm breached the insurance agreement by "improperly making payment of improper medical bills to medical providers and subsequently

negotiating with said medical providers in a manner which prejudiced the rights of its insureds." (Compl. ¶ 43). Plaintiff fails to pinpoint, however, any provision in the insurance agreement that State Farm breached. Indeed, there is no provision in the contract that prohibits State Farm from paying Plaintiff's medical bills or negotiating with Plaintiff's medical providers.

Rather than prohibit State Farm from paying Plaintiff's medical bills, the insurance policy and Florida law expressly permit State Farm to pay medical bills submitted by Plaintiff's medical providers and to pursue legal actions against providers who submit unlawful bills. The insurance policy provides that State Farm "will pay in accordance with the No-Fault Act for bodily injury to an insured, caused by an accident resulting from ownership, maintenance or use of a motor vehicle." Policy at 12. The No Fault law provides that No Fault benefits are due upon receipt of reasonable proof of loss and shall be overdue if not paid within 30 days. Fla. Sta. Ann. § 627.736(4). In fact, the primary purpose of the No Fault law is to ensure that injured claimants receive "swift and virtually automatic" payment of their medical bills. *See United Auto. Ins. Co. v. Rodriguez*, 808 So. 2d 82, 88 (Fla. 2001). In accordance with the insurance policy and the No Fault law, State Farm paid Plaintiff's medical providers swiftly upon receipt of proof of loss. Plaintiff cannot now claim that State Farm somehow breached the contract by performing exactly as required by the contract.

Moreover, the No Fault law expressly authorizes insurers to initiate legal action against medical providers who submit fraudulent claims. *See* Fla. Sta. Ann. § 627.736(12). The statute provides that an insurer prevailing in such an action can recover

compensatory damages, consequential damages, punitive damages, and attorneys' fees. *See id.* This provision was added to the No Fault law in 2001 in response to widespread insurance fraud and abuse of the PIP system detailed in a 2000 grand jury report. *See* Statewide Grand Jury Report; s*ee also Ch. 01-63,* Laws of Fla. Limiting State Farm's rights to pursue fraudulent medical providers would be inconsistent with clear legislative intent. Neither paying benefits nor prosecuting claims for insurance fraud is a breach of Plaintiff's contract of insurance with State Farm.

> **2.** ***Plaintiff Has Not Suffered Any Damages As A Result Of Any Alleged Breach Of The Insurance Agreement.***

A breach of contract claim must be supported by actual and direct damages, not merely speculative or potential damages. *See Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 887 (Fla. 4th DCA 2007). As discussed in Part B(3), *supra*, Plaintiff has not suffered any injury-in-fact or actual damages. Because Plaintiff has not suffered any injury, her breach of contract claim should be dismissed.

> **D.** **Plaintiff's Declaratory Judgment Claim Should Be Dismissed.**

> **1.** ***Plaintiff's Request For Declaratory Relief Is A Request For An Impermissible Advisory Opinion.***

Plaintiff's request for a declaratory judgment must be dismissed because it fails to state a cause of action for declaratory relief. Specifically, Plaintiff's allegations do not allege an actual, justiciable controversy or cause of action existing between Plaintiff and State Farm.

A party's right to declaratory judgment is controlled by the Declaratory Judgment Act, which requires a party to allege the following: "(1) a real and substantial

controversy, (2) justiciable in character, (3) touching the legal relations of the parties

having adverse legal interests, and (4) admitting of specific relief through a decree

conclusive in character as distinguished from an advisory opinion." *Sears, Roebuck &*

*Co. v. Buce*, 197 F. Supp. 136, 139 (D.C. Ala. 1961); *Aetna Life Insurance Co. of*

*Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937).  In order for a complaint to give rise to

a declaratory judgment claim, there must be a justiciable controversy that is "definite and

concrete, not hypothetical or abstract." *Aetna Life Ins. Co. of Hartford, Conn. v.*

*Haworth*, 300 U.S. at 242.

　　　　No bona fide adverse interest is present between Plaintiff and State Farm in this

case.  Plaintiff has failed to demonstrate that she is entitled to ***any*** rights or remedies

under the substantive causes of action alleged in the Complaint.  Since Plaintiff's breach

of contract claim fails as a matter of law, there is no basis for determining the parties'

respective rights and obligations pursuant to contract.  Accordingly, Plaintiff's claim

presents no more than a hypothetical dispute between the parties and should be

dismissed.  *See Quadomain Condo Ass'n, Inc. v. QBE Ins. Corp.*, No 07-60003, 2007 WL

1424596, at *3 (S.D. Fla. May 14, 2007) (dismissing claim for declaratory judgment and

finding that although "it may be true that the policy in question violates section

627.701(4)(a), there is no justiciable controversy for this Court to decide.").

　　　　　　**2.     *Plaintiff's Declaratory Judgment Claim is a Breach of Contract***
　　　　　　　　　　***Claim Posing as An Equitable Claim.***

　　　　The Declaratory Judgment Act authorizes a court to "declare the rights and other

legal relations of any interested party."  28 U.S.C. § 2201.  The purpose of the act is to

enable parties to understand their rights and liabilities so that they can adjust their future

action to avoid accruing avoidable damages.  *See Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994).  Essentially, a declaratory judgment claim allows a party to ask the court whether it can engage in particular conduct without incurring liability.  It does not permit a party to ask the court whether an adversary can engage in particular conduct without incurring liability.  *Int'l Paper Co. v. Androscoggin Energy LLC*, No. 00 C 6215, 2003 WL 21468623, at *3 (N.D. Ill. June 20, 2003) (dismissing a declaratory judgment action on the ground that a party cannot bring a declaratory judgment claim to define the duties of an adversary).  Where a plaintiff, instead of requesting the court to clarify the parties' rights under a contract, requests a judicial declaration that the defendant breached the contract, the claim should be dismissed.  *See Household Fin. Servs., Inc. v. N. Trade Mortgage Corp.,* No. 99 L 2840, 1999 WL 782072, at *3 (N.D. Ill. Sept. 27, 1999) (dismissing declaratory judgment suit incorrectly couched as breach of contract action).

Here, Plaintiff's declaratory judgment claim is nothing more than a breach of contract action disguised as equitable relief.  Notably, the allegations and underlying facts in Plaintiff's breach of contract claim and her declaratory judgment claim are nearly identical.  For example, in her breach of contract claim, Plaintiff alleges that State Farm breached the insurance agreement by making improper payments to medical providers.  (Compl. ¶ 42).  In her declaratory judgment claim, Plaintiff requests a declaration that State Farm must reimburse Plaintiff for the full amount of improper payments made to her medical providers.  (Compl. ¶ 50).  Because Plaintiff incorrectly couches a breach of contract claim as a request for declaratory relief, the Court should dismiss this claim.

3. ***The Relief Plaintiff Seeks is Injunctive in Nature, and Plaintiff has not Properly Plead the Requisite Elements for Injunctive Relief.***

While styled as a claim for declaratory relief, the remedies sought by Plaintiff are injunctive in nature. "That plaintiff labels the requested relief as declaratory relief does not make it so." *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 298 n.2 (E.D.N.Y. 2005). A mandatory injunction, unlike declaratory relief, "orders an affirmative act or mandates a specified course of conduct." Black's Law Dictionary 800 (8th Ed. 2004); see also 5 Philip J. Padovano, <u>Florida Civil Practice</u> § 28.4 (2007-08 ed.) ("[A] permanent injunction may also be in the form of a judicial command directing a party to act affirmatively. This kind of an injunction is aptly called a mandatory injunction."). Where the relief requested affirmatively requires a party to act in a particular way, the relief sought is properly characterized as a mandatory injunction. *See Schrier v. Univ. Of Colo.*, 427 F.3d 1253, 1259-60 (10th Cir. 2005) ("Mandatory injunctions 'affirmatively require the nonmovant to act in a particular way.'"); *see also Staver v. Am. Bar Ass'n*, 169 F. Supp. 2d 1372, 1376 (M.D. Fla., 2001) ("A mandatory preliminary injunction requiring defendant to take affirmative action is proper only in 'rare instances.'") (quoting <u>Harris v. Wilters</u>, 596 F. 2d 678, 680 (5th Cir. 1979)).

In her declaratory judgment claim, Plaintiff requests that the Court order State Farm to: (i) disclose the terms of settlement agreements between State Farm and medical providers; (ii) provide notice to insureds of the amount of benefits paid to medical providers who submitted unlawful or fraudulent claims; and (iii) reimburse insureds for the amount of payments to medical providers who submitted unlawful or fraudulent

claims.  (Compl. ¶ 50).   Rather than seek a declaration of rights, Plaintiff seeks an

affirmative order requiring State Farm to engage in specified actions.  Despite Plaintiff's

labeling otherwise, this is a claim for injunctive relief.

Plaintiff cannot obtain this type of injunctive relief because Plaintiff has failed to

make the requisite showing.  To obtain mandatory injunctive relief, Plaintiff is required

to show: (i) actual success on the merits, (ii) that she will suffer irreparable injury unless

the Court issues the injunction, and (iii) that the threatened injury outweighs whatever

damage the injunction may cause State Farm.  Plaintiff has not plead, and cannot satisfy,

these essential elements of injunctive relief.  First, Plaintiff cannot prove that she will

succeed on the merits.  As discussed *infra*, each of Plaintiff's causes of action fail as a

matter of law.  Second, Plaintiff cannot prove that she will suffer irreparable injury if the

requested relief is not granted.  Finally, Plaintiff cannot prove that she will suffer any

injury that outweighs the damage an injunction would cause State Farm.  Because

Plaintiff cannot prove the elements of injunctive relief, her declaratory

judgment/injunctive relief claim should be dismissed.

> **E.**     **Plaintiff's Common Law Breach of Fiduciary Duty Claim Is Barred As a Matter Law.**

To state a claim for breach of fiduciary duty, Plaintiff must prove: (i) the

existence of a fiduciary duty; (ii) the breach of that duty; and (iii) damages proximately

caused by the breach.  *See Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).  Plaintiff

cannot, as a matter of law, succeed on her breach of fiduciary duty claim because there is

no fiduciary relationship between Plaintiff and State Farm, and her claim is barred by the

economic loss rule.

1.      **There Is No Fiduciary Relationship Between Plaintiff And State Farm.**

Under Florida law, a fiduciary duty is imposed "where a relation of trust and confidence exists between the parties." *Abele v. Sawyer*, 747 So. 2d 415, 417 (Fla. 4th DCA 1999) (quoting *Inversiones Immobiliarias Internacionales de Orlando Sociedad Anomina v. Barnett Bank of Cent. Fla., N.A.*, 584 So. 2d 110, 111 (Fla. 5th DCA 1991)). No such fiduciary relationship exists between an insured and her insurer in the context of a first-party action for personal injury protection benefits. *Iowa Nat'l. Mut. Ins. Co. v. Worthy*, 447 So. 2d 998, 1002 (Fla. 5th DCA 1984). When an insured attempts to collect benefits under his insurance policy, he and his insurer are in an adversarial relationship, and the insurer owes no fiduciary duty. *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1549 (11th Cir. 1985); *see also Smith v. Standard Guar. Ins. Co*, 435 So. 2d 848, 849 (Fla. 2d DCA 1983) ("Unlike the fiduciary relationship involved in the defense of a liability claim, a collision carrier and its insured occupy the status of debtor and creditor.").

Here, Plaintiff is seeking to recover first party PIP benefits under her insurance policy. Because no fiduciary relationship exists between Plaintiff and State Farm in this context, Plaintiff's breach of fiduciary duty claim should be dismissed as a matter of law.

2.      **Plaintiff's Breach Of Fiduciary Duty Claim Is Barred By The Economic Loss Rule.**

"The economic loss rule bars causes of actions in tort between parties to a contract unless there is proof of personal injury or property damage independent of a breach of the contract." *Clayton v. State Farm Mut. Auto. Ins. Co.*, 729 So. 2d 1012,

1013 (Fla. 3d DCA 1999) (affirming dismissal of breach of fiduciary duty claim on the ground that it was barred by the economic loss rule).  This Court has affirmed this principle of Florida law, holding that a plaintiff is barred from bringing a separate tort claim where the facts surrounding a breach of contract claim and the tort claim are indistinguishable.  *See Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1315 (M.D. Fla. 2000).

The facts plead in support of Plaintiff's breach of fiduciary duty claim are indistinguishable from the facts plead in support of her breach of contract claim. Specifically, in support of her breach of contract claim, Plaintiff alleges that State Farm breached the insurance agreement by "improperly making payment of improper medical bills."  (Compl. ¶ 43).  In support of her breach of fiduciary duty claim, Plaintiff similarly alleges that State Farm "violated its fiduciary duty to its insureds by paying medical bills which were not payable claims pursuant to the policy of insurance."  (Compl. ¶ 55). Because Plaintiff's breach of contract and breach of fiduciary duty claims are predicated on the same factual circumstances, and there is no allegation or proof of independent personal injury or property damage, Plaintiff's breach of fiduciary duty claim is barred by the economic loss rule.

**F.**      **Plaintiff's Constructive Trust Claim Fails As a Matter of Law.**

To obtain a constructive trust, Plaintiff must show: (i) the existence of a promise; (ii) transfer of the property and reliance thereon; (iii) a confidential relationship, and (iv) unjust enrichment.  *See Bergmann v. Slater*, 922 So. 2d 1110, 1112 (Fla. 4th DCA 2006). Plaintiff has failed to satisfy these elements.

1.      **There Is No Fiduciary Relationship Between Plaintiff And State Farm.**

A constructive trust claim must be dismissed where there is no fiduciary relationship between the parties.  *See Abele*, 747 So. 2d at 417 (dismissing constructive trust claim where no fiduciary relationship existed between the parties).  As discussed above, no fiduciary or confidential relationship exists between Plaintiff and State Farm, and thus, Plaintiff cannot establish a critical element of this cause of action.

2.      **Plaintiff Did Not Transfer Any Property To State Farm.**

An essential element of a constructive trust claim is the transfer of property from the plaintiff to the defendant.  *See Bergmann*, 922 So. 2d at 1112.  Where there is no allegation that such a transfer of property occurred, a constructive trust claim should be dismissed.  *See Abele*, 747 So. 2d at 417.  This point is illustrated in *Abele v. Sawyer* where the plaintiff sought to impose a constructive trust on certain real property.  *Id. at* 416.  In dismissing the plaintiff's claim for a constructive trust, the court held that a constructive trust is only appropriate where there is "a wrongful taking of the property of another."  *Id*.  The court held because no transfer of property from the plaintiff to the defendant had occurred, the constructive trust claim could not be maintained.  *Id. at* 417.

As in *Abele*, Plaintiff here has not transferred any property to State Farm in reliance on any promise.  Indeed, Plaintiff has not even alleged that any transfer of

property occurred.  This failure to satisfy yet another critical element of a constructive

trust claim requires that the claim be dismissed in its entirety.[5]

>    **G.**    **Plaintiff's Claim for Declaratory Relief for Anticipatory Breach**
>            **Should be Dismissed Because Plaintiff Has Not Suffered Any**
>            **Damages.**

An anticipatory breach claim is nothing more than a breach of contract claim

where the breach "occurs before the time has come when there is a present duty to

perform as the result of words or acts evincing an intention to refuse performance in the

future."  *See Alvarez v. Rendon*, 953 So. 2d 702, 709 (Fla. 5th DCA 2007).  Accordingly,

to recover for anticipatory breach, Plaintiff must satisfy the elements of a breach of

contract: (i) existence of a contract, (ii) a material breach, and (iii) damages.  *See Twenty-*

*Four Collection, Inc. v. M. Weinbaum Constr., Inc.*, 427 So. 2d 1110 (Fla. 3d DCA

1983).

Florida courts have made clear that an alleged anticipatory breach does not relieve

a plaintiff of the necessity of incurring and alleging damages.  *See, e.g., Rader v. Allstate*

*Insurance Co.*, 789 So. 2d 1045, 1047 (Fla. 4th DCA 2001).  In *Rader v. Allstate Ins. Co.*,

an insured brought a claim against her insurer, alleging that the insurer anticipatorily

breached a PIP policy by refusing to pay for future medical treatment.  *See id.*  The court

rejected this theory of liability and held that the insured suffered no damages.  *Id.* at

1047.  Similarly, at the heart of Plaintiff's Complaint here is her claim that potential,

future medical bills will not be paid by State Farm because medical providers have

---

[5] Plaintiff cannot establish the additional elements of a claim for constructive trust.  State Farm has not
addressed these additional elements because failure to satisfy just one of the elements subjects the claim to
dismissal.

defrauded her of her PIP and Med-Pay benefits.  As in *Rader*, Plaintiff here has not

suffered any damages, and her speculation regarding potential bills or payments in the

future is insufficient to establish damages.  This count should be dismissed "[s]ince the

Plaintiff did not incur any medical expenses which the Defendant did not reimburse, and

any damages the Plaintiff might have sustained as a result of the alleged anticipatory

breach are too speculative to sustain an action for breach of contract."  *Id.*[6]

## III.    CONCLUSION

For the foregoing reasons, including the Argument and Citation of Authority and

all matters of record, State Farm respectfully requests that the Court grant its Motion to

Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted this 27th day of March, 2008.

s/ Virginia Townes
Virginia B. Townes, Esquire
Florida Bar No.: 361879
Taylor F. Ford, Esquire
Florida Bar No.: 0041008
**AKERMAN SENTERFITT**
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-4904
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: virginia.townes@akerman.com
Email: taylor.ford@akerman.com

**Counsel for Defendant, State Farm Mutual
Automobile Insurance Company**

**OF COUNSEL:**

Cari K. Dawson, Esquire
Derin Dickerson, Esquire

---

[6] This claim is subject to dismissal for all the reasons set forth in Part C, *supra*.

**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
Email: cari.dawson@alston.com
Email: derin.dickerson@alston.com

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on March 27, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Kimberly P. Simoes, Esquire, Susan W. Tolbert, P.L., P.O. Box 2222, Daytona beach, FL 32115-2222; Eric Lee, Esquire, Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, FL 33431

                    <u>s/ Virginia B. Townes</u>
                    Virginia B. Townes, Esquire